IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEANNA LYNN KEITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-323-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Deanna Lynn Keith, a state prisoner, against respondent William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust state-court remedies.

I. Factual and Procedural History

On November 5, 2013, in the 355th Judicial District Court, Hood County, Texas, Case No. CR12432, Petitioner, pursuant to a plea agreement, pleaded guilty to evading arrest with a vehicle and was sentenced to seventeen years' confinement and fined $3000. (Resp't's Mot. to Dismiss Ex. A, ECF No. 11-1.) Petitioner did not directly appeal her conviction or sentence but asserts in the

petition that she has filed in the trial court a state habeas application under article 11.07 of the Texas Code of Criminal Procedure, which remains pending at this time. (Pet. 3-4, 8.) Petitioner filed this federal habeas petition on May 5, 2014, challenging her state-court conviction on four grounds. (Pet. 10, ECF No. 1.) On June 3, 2014, the clerk of Court received for filing Petitioner's correspondence dated May 29, 2014, wherein she appears to concede that, contrary to her prior assertion, no article 11.07 application has yet been filed in the trial court or the Texas Court of Criminal Appeals. (Pet'r's Correspondence 1-2, ECF No. 9.) On July 8, 2014, Respondent filed a motion to dismiss this petition without prejudice on exhaustion grounds, supported by proof that Petitioner had no postconviction state habeas application pending in the Texas Court of Criminal Appeals as of June 10, 2014. (Resp't's Mot. to Dismiss 2-4 & Ex. D, ECF No. 11.)

II. Exhaustion of State-Court Remedies

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169

2

F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas-corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2013); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Clearly, the Texas Court of Criminal Appeals has had no opportunity to review Petitioner's claims and render a decision. Therefore, a ruling from this Court at this juncture would preempt the state court from performing its proper function. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner's vague and ambiguous argument that her "grounds are civil and constitutional" does not justify her failure to comply with the exhaustion requirement. Consequently, Petitioner must first pursue her state-court remedies, *via* a state habeas application under article 11.07, through completion before seeking relief under § 2254. Absent a showing that no state

3

"corrective process" is available to Petitioner or that such process is somehow rendered ineffective by the circumstances of her case, Petitioner cannot now proceed in federal court in habeas corpus. 28 U.S.C. § 2254(b)(1)(B). Accordingly, dismissal of this petition for lack of exhaustion is warranted so that Petitioner can fully exhaust her state-court remedies and then return to this court, if she so desires, after exhaustion has been properly and fully accomplished.[1]

III. Conclusion

For the reasons discussed, the Court GRANTS Respondent's motion to dismiss, DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice for failure to exhaust state court remedies, and DENIES a certificate of appealability.

SIGNED September 4, 2014.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

4